to enforce it was at the risk that the action might not be pros-
ecuted. Certainly, he cannot compel the parties to continue the
prosecution in order to enable him to discover if there may be a sur-
plus; and, at most, for the plaintiff's failure to prosecute, this de-
fendant might finally take a dismissal of the complaint, with costs.
This, however, would not aid his asserted lien, and at the present
time it is not apparent that the discretion of the court should be
exercised in his favor so far as to give him costs in any amount, for
he has not been called upon to do anything. The opposition to the
motion is not reasonable, and the application is accordingly granted,
with $10 costs.

---

(27 Misc. Rep. 11.)

### GOODNESS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Special Term, Kings County. March, 1899.)

MOTION—FURNISHING ADDRESS OF PARTY.
 A motion to require plaintiff to furnish his address will not be enter-
tained, except on proof that his attorney refused the information desired.

Action by Theodore Goodness against the Metropolitan Street-
Railway Company. Motion to require plaintiff to furnish his place
of residence, by street and number, to defendant. Denied.

Henry A. Robinson, for the motion.
Frederick G. Wetterau, opposed.

GAYNOR, J. The court should not be bothered with a motion
like this except upon proof that a request has been made to the
attorney for the opposite side for the information and refused. In
this case the order to show cause seems to have been obtained only
as a subterfuge to get an extension of time to answer.

The motion is denied with $10 costs and the extension of time to
answer is vacated.